IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WAYNE PARKS ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| WHEATLAND ELECTRIC ) | **JURY TRIAL DEMANDED** |
| COOPERATIVE, INC. ) | |
| ) | |
| *Serve Registered Agent:* ) | |
| Bruce Mueller ) | |
| 101 Main Street ) | |
| Scott City, KS 67871 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

COMES NOW Plaintiff Wayne Parks, by and through counsel, and states the following as his Complaint against Defendant Wheatland Electric Cooperative, Inc.

### Introduction

1. This is an action brough pursuant to the Americans with Disabilities Act (ADA), as amended, seeking declaratory, injunctive, equitable and monetary relief as remedies for Defendant's unlawful discriminatory employment practices. As pled below, Defendant unlawfully discriminated against Plaintiff because of his disability and retaliated against Plaintiff for attempting to address the issue, ultimately leading to Plaintiff's termination.

### Parties

2. Plaintiff Wayne Parks ("Plaintiff") is a resident and citizen of the State of Kansas. At all times relevant to this Complaint, Plaintiff was employed by Defendant Wheatland Electric Cooperative, Inc.

3. Defendant Wheatland Electric Cooperative, Inc. ("Defendant" or "Wheatland") is a Kansas corporation with its principal place of business in Kansas. At all times relevant to this Complaint, Wheatland was an employer within the meaning of the ADA.

## Jurisdiction and Venue

4. The Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C § 1331 because the claim herein arises under the ADA.

5. The Court has jurisdiction over Defendants because the unlawful practices alleged in this Complaint were committed in whole, or in part, in or about Hamilton County, Kansas which lies in the District of Kansas. In addition, Defendant has minimum contacts with the District of Kansas and the State of Kanas that arise out of and/or relate to the claim in this case.

6. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

## Administrative Procedures

7. On or about December 6, 2019, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") a charge alleging discrimination and retaliation on the basis of his disability. A copy of the Charge of Discrimination is attached hereto as Exhibit A (Charge Number 563-2020-00610).

8. On June 26, 2020, the EEOC issued a Notice of Right to Sue stating that Plaintiff is entitled to file a civil action on the claims asserted in his Charge of Discrimination under the ADA. A copy of the Notice of Right to Sue is attached hereto as Exhibit B.

9. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to filing this action.

**Factual Background**

10. Wheatland hired Plaintiff as a journeyman lineman on January 3, 2009.

11. On September 16, 2015, Plaintiff suffered serious injuries when he was electrocuted while working in his capacity as a lineman for Wheatland.

12. Plaintiff underwent a lengthy recovery process and his right arm was ultimately amputated in April 2017.

13. Plaintiff's disability limits one or more of his major life activities including, without limitation, performing manual tasks and lifting.

14. On October 23, 2019, Plaintiff underwent strength and mobility testing with an occupational therapist. The report from this testing was sent to Wheatland.

15. In January 2019, Plaintiff sent Wheatland his release letter and stated his desire to get back to work.

16. Throughout Plaintiff's recovery time, Wheatland treated Plaintiff as an employee.

17. On February 19, 2019, Wheatland terminated Plaintiff's employment.

18. With the reasonable accommodation of a prosthetic arm, Plaintiff could have performed the essential job duties of a journeyman lineman.

19. Any duties Plaintiff was unable to complete could have been performed by other linemen on his crew.

20. Plaintiff's disability was a motivating factor in Wheatland's termination of Plaintiff's employment.

21. Wheatland did not offer Plaintiff a different job within the company until January 31, 2020 which was after Plaintiff filed his Charge of Discrimination against Wheatland.

## COUNT I
## DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

22. The preceding paragraphs of this Complaint are incorporated by reference as if fully pleaded herein.

23. Defendant is an "employer" within the meaning of the ADA.

24. At all relevant times, Plaintiff has had – and has – a "disability" as that term is defined under the ADA, and/or Defendant regarded Plaintiff as having a disability and/or Plaintiff had a record of a disability.

25. Plaintiff was – and is – able to perform the essential functions of his job with or without reasonable accommodation. Plaintiff's disability does not interfere with his ability to do his job if reasonably accommodated as needed.

26. Plaintiff's disability was a motivating factor in Defendant's discriminatory actions or omissions as described herein, including but not limited to:

   a. Denying Plaintiff's reasonable accommodation request that would have allowed him to continue working as a lineman;

   b. Failing to offer Plaintiff a different job within the company for more than a year after his termination as a lineman and only after Plaintiff filed a charge of discrimination against Defendant.

27. Defendant's discriminatory treatment of Plaintiff, as described herein, affected the terms, conditions, or privileges of Plaintiff's employment and constituted disability discrimination in violation of the ADA.

28. Defendant through its agents, servants, management, and employees intentionally engaged in the unlawful employment discrimination described herein against Plaintiff in violation of the ADA.

29. Defendant failed to make a good faith effort to enforce policies to prevent illegal discrimination against its employees, including Plaintiff.

30. Defendant failed to properly train its agents, servants, management and employees so as to prevent illegal discrimination against its employees, including Plaintiff.

31. Defendant knew or should have known of the discrimination and failed to take appropriate action.

32. As a direct and proximate result of Defendant's unlawful actions described herein, Plaintiff has sustained damage and suffered pecuniary and non-pecuniary losses that include, but are not limited to: past and future wages and benefit, emotional distress, mental suffering, mental anguish, a detrimental employment record, anxiety, humiliation, and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

33. In undertaking the referenced unlawful actions, Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

34. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

### COUNT II
### FAILURE TO ACCOMMODATE
### DISABILITY IN VIOLATION OF THE ADA

35. Unless pled alternatively in support of this Count of the Complaint, Plaintiff repeats each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. Plaintiff was – and is – able to perform the essential functions of his job with or without reasonable accommodation. Plaintiff's disability does not interfere with his ability to do his job if reasonably accommodated as needed.

37. As described herein, Defendant failed to provide reasonable accommodations to Plaintiff which would have allowed him to perform the essential function of his job. Specifically, Defendant denied Plaintiff's request to continue his work as a lineman with the use a of a prosthetic arm and custom fit protective glove.

38. Alternatively, Defendant failed to provide reasonable accommodations to Plaintiff by failing to offer him a different position within the company until more than a year after Plaintiff's employment was terminated and only after Plaintiff filed his Charge of Discrimination against Defendant.

39. Defendant violated the ADA and intentionally engaged in unlawful disability discrimination against Plaintiff when it failed to accommodate Plaintiff's disability as alleged herein.

40. Plaintiff's disability was a motivating factor in Defendant's unlawful discrimination against Plaintiff.

41. Defendant through its agents, servants, management, and employees intentionally engaged in the unlawful employment discrimination described herein against Plaintiff in violation of the ADA.

42. Defendant failed to make a good faith effort to enforce policies to prevent illegal discrimination against its employees, including Plaintiff.

43. Defendant failed to properly train its agents, servants, management and employees so as to prevent illegal discrimination against its employees, including Plaintiff.

44. Defendant knew or should have known of the discrimination and failed to take appropriate action.

45. As a direct and proximate result of Defendant's unlawful actions described herein, Plaintiff has sustained damage and suffered pecuniary and non-pecuniary losses that include, but are not limited to: past and future wages and benefit, emotional distress, mental suffering, mental anguish, a detrimental employment record, anxiety, humiliation, and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

46. In undertaking the referenced unlawful actions, Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

47. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

48. Unless pled alternatively in support of this Count of the Complaint, Plaintiff repeats each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49. The ADA prohibits retaliation in any manner.

50. Plaintiff engaged in protected activities by requesting reasonable accommodations of his disability.

51. Plaintiff's protected activities as described herein were a motivating factor in Defendant's retaliatory actions as described herein, including but not limited to:

   a. Denying Plaintiff's reasonable accommodation request to continue as a journeyman lineman with the use of a prosthetic and custom fit glove;
   b. Terminating Plaintiff's employment; and

7

  c. Failing to offer Plaintiff a different position within the company until more than a year after Plaintiff's employment was terminated and only after Plaintiff filed his Charge of Discrimination against Defendant.

52. Defendant's retaliatory treatment of Plaintiff, as described herein, affected the terms, conditions and/or privileges of Plaintiff's employment, constituted prohibited retaliation in violation of the ADA and ultimately led to Plaintiff's termination.

53. Defendant, through it agents, servants, management, and employees intentionally engaged in the unlawful retaliation described herein against Plaintiff in violation of the ADA.

54. Defendant failed to make a good faith effort to enforce policies to prevent illegal retaliation against its employees, including Plaintiff.

55. Defendant failed to properly train its agents, servants, management, and employees so as to prevent illegal retaliation against its employees, including Plaintiff.

56. Defendant knew or should have known of the retaliation and failed to take appropriate action.

57. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has sustained damage and suffered pecuniary and non-pecuniary losses that include, but are not limited to: past and future wages and benefit, emotional distress, mental suffering, mental anguish, a detrimental employment record, anxiety, humiliation, and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

58. In undertaking the referenced unlawful retaliation, Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

59.     Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Wayne Parks respectfully prays that this Court:

1.      Assume jurisdiction over this action;

2.      Award nominal and actual damages;

3.      Order Defendant to make Plaintiff whole by providing him with all lost wages, earning, and payment of all benefits she would have received had it not been for Defendant's unlawful actions, with pre-judgment interest, in an amount to be proven at trial;

4.      Award compensatory damages for Plaintiff's non-pecuniary losses, including but not limited to emotional pain and suffering, shame, humiliation, inconvenience, mental anguish, and injury to his career in an amount to be proven at rial;

5.      Award prejudgment interest;

6.      Award Plaintiff his reasonable attorneys' fees, expert witness fees, if any, and the costs of this action provided by 42 U.S.C § 12205;

7.      Award Plaintiff punitive or exemplary damages in an amount sufficient to compensate the harm inflicted, punish Defendant, and deter future unlawful conduct;

8.      Declare that Defendant has violated Plaintiff's rights under the Americans with Disabilities Act; and

9.      Grant such other and further relief as the Court deems proper.

## 10. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF DOUGLAS L. CARTER, P.C.**

By:  /s/ Jonathan K. McCoy
Douglas L. Carter     MO #35759
Jonathan K. McCoy  MO #37635
2345 Grand Blvd., Suite 1675
Kansas City, Missouri 64108
Tel:  (816) 283-3500
Fax: (816) 283-3084
E-mail: doug@carter.law
           jon@carter.law

***COUNSEL FOR PLAINTIFF***

10